# EXHIBIT A



As of 5/13/2016 3:02:04 PM

## Case # 2016CVF000861 D3

### Arturo De La Fuente vs. State Farm Lloyds, Gilbert Santos

**Type:**           Contract

**Date Filed:**     4/5/2016 12:00:00 AM

**Court:**          341st District Court

**Complaint:**      Contract

### Party Information

| Name | Affiliation |
| --- | --- |
| Arturo De La Fuente | Plaintiff |
| State Farm Lloyds | Defendant |
| Gilbert Santos | Defendant |

### Attorney Information

| Name | Affiliation |
| --- | --- |
| Rene M Sigman | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
| --- | --- | --- |
| 7/18/2016 1:30:00 PM | Calendar Call | Open |

### Activity

| Date | Type | Description |
| --- | --- | --- |
| 5/9/2016 11:25:51 AM | Returns | *IMG* CITATION RETURN EXECUTED AS TO GILBERT SANTOS (DOS: 4/29/16). EJG |
| 5/3/2016 3:09:19 PM | Returns | *IMG* CITATION RETURN EXECUTED AS TO STATE FARM LLOYDS BY SERVING ITS ATTORNEY, CORPORATION SERVICE COMPANY (DOS: 4/25/16). EJG |
| 4/8/2016 3:29:28 PM | Notes | *IMG*CALENDAR CALL FAXED TO ATTORNEY |
| 4/8/2016 3:08:02 PM | Issuance | *IMG*FOUR CITATIONS ISSUED-HELD BY CLERK PENDING S.A.S.E. AND COPIES CITATIONS MAILED TO ATTORNEY IN S.A.S.E ON 04/14/2016 |

5/13/2016     2016CVF000860 D3 : Arturo De La Fuente vs. State Farm Lloyds, Gilbert Santos : Webb County Judicial Information System

Case 5:16-cv-00108   Document 1-3   Filed in TXSD on 05/13/16   Page 3 of 27

| 4/6/2016 2:59:30 PM | Court Case Assignment | Court date/time: 7/18/2016 13:30 Hearing Type: 17 CIndr Call Assignment of court date/time. Status entered as Open |
| 4/5/2016 11:51:15 AM | Jury Fee | JURY DEMAND PAID BY RENE SIGMAN |
| 4/5/2016 11:03:40 AM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For STATE FARM LLOYDS |
| 4/5/2016 11:03:40 AM | Complaint | *IMG*CONTRACT |

For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.



Filed
4/5/2016 10:20:33 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVF000861D3

CAUSE NO._____

| | | |
|---|---|---|
| **ARTURO DE LA FUENTE AND** | § | **IN THE DISTRICT COURT OF** |
| **MARIA DE LA FUENTE,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **GILBERT SANTOS,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Arturo De La Fuente and Maria De La Fuente ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("State Farm") and Gilbert Santos ("Santos") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiffs Arturo De La Fuente and Maria De La Fuente are individuals residing in Webb County, Texas.

3.  Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant Gilbert Santos is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 3903 Rustic Glade, San Antonio, Texas 78247.

**JURISDICTION**

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.  The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of

Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Santos because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

8.    Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.   Plaintiffs own the insured property, which is specifically located at 10314 Dancer Dr, Laredo, Texas 78045, in Webb County (hereinafter referred to as "the Property").

11.   State Farm sold the Policy insuring the Property to Plaintiffs.

12.   On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm").  Specifically, Plaintiffs' roof sustained extensive damage during the storm.  Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring.  Plaintiffs' home also sustained substantial structural and exterior damage during the storm.  After the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

13. Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14. Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant State Farm assigned Defendant Santos as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about December 4, 2014, Santos conducted a substandard inspection of Plaintiffs' property. Defendant Santos spent only approximately one (1) hour at Plaintiffs' Property inspecting for damages, including the time it took to get onto the roof and scope the damages. The inadequacy of Santos' inspection is further evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Santos omitted some of the interior damages from his report. Moreover, Santos both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate, including the allotment for the roof, incorrectly applied the material sales tax, and failed to include prospective contractors' overhead and profit. Ultimately, Santos failed to properly scope Plaintiffs' damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiffs' Property. Plaintiffs' claim was denied due to the fact that Santos' estimate fell below the applicable Policy deductible. Although Santos was aware of Plaintiffs' reported potential damages covered by the Policy, he made coverage determinations as to the amount of Plaintiffs' claim

without conducting a thorough and reasonable inspection of the damages. Santos determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim. Santos made coverage decisions and told Plaintiffs which damages specifically would and would not be covered. Santos was neither qualified nor authorized to make such coverage determinations. Defendant Santos' inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.   Defendants misrepresented that Plaintiffs' damages did not exceed the Policy deductible, when the losses in fact, far exceeded the deductible amount. Specifically, Defendants represented to Plaintiffs that all of the storm damages to their Property were accounted for and that Defendants adequately represented the amounts needed to repair the storm damages, when, in fact, Defendants knew that the cost of repairs to all of the damages were grossly undervalued and that a significant portion of the damages were either ignored or improperly adjusted.

17.   Together, State Farm and Santos set about to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to repair their home, the claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

18.   As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19.   To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

20.   Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

21.   Defendants State Farm and Santos misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.   Defendants State Farm and Santos failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendants State Farm and Santos failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Santos failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Santos did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's and Santos' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.     Defendants State Farm and Santos failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Santos. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25.     Defendants State Farm and Santos refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Santos failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Santos performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.   Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

27.   Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

28.   Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.   State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.   From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.  Defendants State Farm and Santos knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31.  As a result of Defendants State Farm's and Santos' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32.  Plaintiffs' experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.  State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT SANTOS
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

33.  Defendant State Farm assigned Defendant Santos to adjust the claim.  Defendant Santos was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.   The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34.   Defendant Santos' conduct constitutes multiple violations of the Texas Insurance Code,
      Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this
      article are made actionable by TEX. INS. CODE §541.151.

35.   Defendant Santos is individually liable for his unfair and deceptive acts, irrespective of
      the fact he was acting on behalf of State Farm, because he is a "person" as defined by
      TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual,
      corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
      fraternal benefit society, or other legal entity engaged in the business of insurance,
      including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
      CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v.
      Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
      company employee to be a "person" for the purpose of bringing a cause of action against
      him or her under the Texas Insurance Code and subjecting him or her to individual
      liability)).

36.   Falsehoods and misrepresentations may be communicated by actions as well as by the
      spoken word; therefore, deceptive conduct is equivalent to a verbal representation.
      Defendant Santos' misrepresentations by means of deceptive conduct include, but are not
      limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs'
      damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3)
      using their own statements about the non-severity of the damage as a basis for denying
      properly covered damages and/or underpaying damages; and (4) failing to provide an
      adequate explanation for the inadequate compensation Plaintiffs received. Defendant
      Santos' unfair settlement practice, as described above and the example given herein, of

misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant Santos' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Santos failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.     Specifically, Defendant Santos failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Santos as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant Santos' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE
§541.060(a)(4).

40. Defendant Santos did not properly inspect the Property and failed to account for and/or
undervalued many of Plaintiffs' exterior and interior damages, although reported by
Plaintiffs to State Farm. Defendant Santos' unfair settlement practice, as described
above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation,
constitutes an unfair method of competition and an unfair and deceptive act or practice in
the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

41. Plaintiffs are not making any claims for relief under federal law.

## FRAUD

42. Defendants State Farm and Santos are liable to Plaintiffs for common law fraud.

43. Defendants' written and verbal misrepresentations, as well as their misrepresentations by
means of deceptive conduct, concerned material facts. Each and every one of these
representations, as detailed in the paragraphs above, concerned material facts for the
reason that absent such representations, Plaintiffs would not have acted as they did.

44. Defendants State Farm and Santos knew such representations to be false, or made the
representations recklessly without any knowledge of their truth as a positive assertion.
The statements were made with the intention that they should be acted upon by Plaintiffs,
who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer
injury and constituting common law fraud. As a result of Defendants' fraudulent conduct
as described above and further herein, Plaintiffs suffered damages.

## CONSPIRACY TO COMMIT FRAUD

45.    Defendants State Farm and Santos are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Santos were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Santos committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

46.    Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

47.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

48.    Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.  Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.  Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52.  Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53.  Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54.  Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

55.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.   Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57.   Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

58.   Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

59.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Santos is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60.   Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Santos including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61.   Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

63.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

64.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65.   As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Farm's and Santos' mishandling of Plaintiffs' claim in violation of the laws set forth above.

66.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which
       is the amount of their claim, together with attorney's fees.

67.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,
       Plaintiffs are entitled to actual damages, which include the loss of the benefits that should
       have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.
       For knowing conduct of the acts described above, Plaintiffs ask for three times their
       actual damages. TEX. INS. CODE §541.152.

68.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are
       entitled to the amount of their claim, as well as eighteen (18) percent interest per annum
       on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE
       §542.060.

69.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled
       to compensatory damages, including all forms of loss resulting from the insurer's breach
       of duty, such as additional costs, economic hardship, losses due to nonpayment of the
       amount the insurer owed, exemplary damages, and damages for emotional distress.

70.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for
       knowingly fraudulent and malicious representations, along with attorney's fees, interest,
       and court costs.

71.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage
       the services of the attorney whose name is subscribed to this pleading.  Therefore,
       Plaintiffs are entitled to recover a sum for the reasonable and necessary services of
       Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the
       Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

72.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

73.   *Plaintiffs' Request for Disclosures to Defendant State Farm Lloyds* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant Gilbert Santos* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**


_/s/ René M. Sigman_
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

"EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| **ARTURO DE LA FUENTE AND** | § | **IN THE DISTRICT COURT OF** |
| **MARIA DE LA FUENTE,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **GILBERT SANTOS,** | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT
## STATE FARM LLOYDS

TO:   DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

**"EXHIBIT A-1"**

**CAUSE NO._____**

| | | |
|---|---|---|
| ARTURO DE LA FUENTE AND | § | IN THE DISTRICT COURT OF |
| MARIA DE LA FUENTE, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| GILBERT SANTOS, | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT GILBERT SANTOS

TO:   DEFENDANT GILBERT SANTOS, at 3903 Rustic Glade, San Antonio, Texas 78247.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Gilbert Santos (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**



**SERVE**
2016CVF000861 D3

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

**COURT DATE 07/18/2016@1:30PM**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS BY SERVING ITS ATTORNEY,CORPORATION SERVICE COMPANY
      211 EAST 7TH ST STE 620
      AUSTIN,   TX 78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000861 D3 , styled:
      **ARTURO DE LA FUENTE AND MARIA DE LA FUENTE  PLAINTIFFS**
      **VS.**
      **STATE FARM LLOYDS,GILBERT SANTOS  DEFENDANTS**
Said Plaintiff's Petition was filed on 04/05/2016 in said court by:
      **RENE M SIGMAN, ATTORNEY FOR PLAINTIFF**
      **3810 W ALABAMA STREET**
      **HOUSTON,   TX 77027**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 8 day of April, 2016.

## C  L  E  R  K   O  F   C  O  U  R  T



ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        ESMERALDA ALVARADO

2016CVF000861 D3

## OFFICER'S RETURN

Came to hand on the __*25*__ day of __*April*__, 2016 at

__*10:00*__ O'CLOCK __*A*__.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within named **STATE FARM LLOYDS,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____



# HONORABLE BECKIE PALOMO
## State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2016CVF000861 D3

STYLE:   ARTURO DE LA FUENTE

VS

STATE FARM LLOYDS

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on   07/18/2016   ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328