**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVIDISION**

| | | |
|---|---|---|
| **ARTURO DE LA FUENTE AND** | § | |
| **MARIA DE LA FUENTE,** | § | |
|     *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:16-CV-00108** |
| | § | |
| **STATE FARM LLOYDS AND** | § | **JURY DEMAND** |
| **GILBERT SANTOS,** | § | |
|     *Defendants*. | § | |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE THE UNITED STATES DISTRICT COURT:

COME NOW, Arturo De La Fuente and Maria De La Fuente ("Plaintiffs"), and file this *Plaintiffs' First Amended Complaint*, complaining of State Farm Lloyds ("State Farm") and Gilbert Santos ("Santos") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### PARTIES

1. Plaintiffs Arturo De La Fuente and Maria De La Fuente are individuals residing in Webb County, Texas.

2. Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This Defendant is properly before the Court.

3. Defendant Gilbert Santos is an individual residing in and domiciled in the State of Texas. This Defendant is properly before the Court.

## JURISDICTION

4.     This case was originally filed in the District Court of Webb County, Texas, and all claims asserted arose under state law.  Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

5.     At the time of removal, this Honorable Court did not have jurisdiction over this cause of action as specified by 28 U.S.C. § 1332.  With Defendant Santos, a Texas domiciliary and citizen, there is not complete diversity of citizenship between the parties.  Plaintiffs are citizens of Texas.  Accordingly, this Honorable Court does not have jurisdiction over this cause of action, and this case should be remanded to state court.

## VENUE

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

7.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

8.     Plaintiffs own the insured property, which is specifically located at 10314 Dancer Dr, Laredo, Texas 78045, in Webb County (hereinafter referred to as "the Property").

9.     State Farm sold the Policy insuring the Property to Plaintiffs.  Plaintiffs purchased the Policy to insure their Property against hail storm and windstorm losses.  In doing so, Plaintiffs reasonably relied on State Farm's representations that damages caused by hail storm and/or windstorm would be covered under the Policy and that if Plaintiffs submitted

a claim for hail storm and/or windstorm damages pursuant to the provisions of the Policy, State Farm would (1) conduct a fair, reasonable, and unbiased investigation; and (2) issue payment to Plaintiffs for covered hail storm and/or windstorm damages to the Property, subject to the applicable deductible and the loss settlement provision in the Policy, in a reasonable and prompt manner.

10.    On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm").  Specifically, Plaintiffs' roof sustained extensive damage during the storm.  Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, and insulation.  For example, several areas of the ceiling are leaking. Plaintiffs' home also sustained substantial exterior as well as damage to their shed during the storm. This damage includes, but is not limited to, the multiple damaged shingles, turbine vents, damaged paint, exhaust caps, damaged windows and window screens, vent covers, and similar damage to the exterior and roof of the shed.  After the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

11.    Plaintiffs submitted a claim to State Farm on or about December 1, 2014, against the Policy for Roof Damage, Other Strucutre Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

12.    Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

13.     Defendant State Farm assigned Defendant Santos as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  When Plaintiffs reported their damages to State Farm, Plaintiffs reported damages to the roof, exterior, storage shed, siding, and other damaged components of the Property.

14.     On or about December 4, 2014, Santos conducted a substandard inspection of Plaintiffs' property by failing to thoroughly inspect all of the damages to both the interior and exterior of the dwelling.  Defendant Santos spent only approximately one (1) hour at Plaintiffs' Property inspecting for damages, including the time it took to get onto the roof and scope the damages. During his inspection Santos noted serious damage to the turbines, roofing, shed roofing, bathroom, exterior, air conditioning unit, and windows, yet he failed to adequately compensate Plaintiffs for these damages as well as many others, quickly discounting some of the damages pointed out to him. Santos made coverage decisions, and told Plaintiffs which damages specifically would, and would not be covered. Santos was neither qualified nor authorized to make coverage determinations.  The inadequacy of Santos' inspection is evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Santos omitted some of the interior damages from his report.  In fact, Santos' denial letter states, "Our investigation revealed no evidence of wind damage or hail damage, other than what is noted on the repair estimate, to the composition shingles on your [Plaintiffs'] roof." Specifically, Santos made causation determinations on Plaintiffs' claim for interior damages and did not recommend hiring an engineer to determine the actual cause of these damages, thus, improperly denying Plaintiffs' claim for interior damages.

15.   Moreover, Santos both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate, including the allotment for the roof.  Ultimately, Santos failed to properly scope Plaintiffs' damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiffs' Property.  Plaintiffs' claim was denied due to the fact that Santos' estimate fell below the applicable Policy deductible.  Although Santos was aware of Plaintiffs' reported potential damages covered by the Policy, he made coverage determinations as to the amount of Plaintiffs' claim without conducting a thorough and reasonable inspection of the damages.  Santos determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim.  Santos made coverage decisions and told Plaintiffs which damages specifically would and would not be covered.  Santos was neither qualified nor authorized to make such coverage determinations.  Defendant Santos' inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.   Defendant State Farm, along with other State Farm personnel, failed to thoroughly review and properly oversee the work of their assigned adjusters, including Defendant Santos, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim.  As a result of this unreasonable investigation, Plaintiffs were considerably underpaid on their claim and have suffered damages.  Further, Defendants misrepresented that Plaintiffs' damages did not exceed the Policy deductible, when the losses in fact, far exceeded the deductible amount.  Specifically, Defendants represented to Plaintiffs that all of the storm damages to their Property were accounted for and that

Defendants adequately represented the amounts needed to repair the storm damages, when, in fact, Defendants knew that the cost of repairs to all of the damages were grossly undervalued and that a significant portion of the damages were either ignored or improperly adjusted.

17.     Together, State Farm and Santos set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

18.     As a result of Defendants' conduct, as described above and further described herein, Plaintiffs did not receive the full payment they were entitled under the Policy for their hail storm and/or windstorm damages and losses.  As previously stated, when Plaintiffs originally purchased the Policy issued by State Farm, Plaintiffs reasonably relied on State Farm's representations that it would conduct a fair and unbiased investigation of Plaintiffs' claim and damages and issue payment to Plaintiffs for all properly covered hail storm and windstorm damages to their Property pursuant to the Policy, and, in a reasonable and prompt manner.  State Farm did not disclose to Plaintiffs, nor could Plaintiffs have reasonably anticipated that, ultimately, State Farm would conduct an unreasonable, unfair, and/or biased investigation of Plaintiffs' claim for hail storm and/or windstorm losses, and correspondingly, underpay and/or deny Plaintiffs' claims for properly covered hail storm

and/or windstorm damages to the Property.   Plaintiffs reasonably relied on the representations and information provided by State Farm and/or its agents/representatives when purchasing their initial State Farm insurance policy, and but for State Farm's misrepresentations described above and otherwise herein, Plaintiffs would not have purchased the Policy issued by State Farm and would have sought and purchased an insurance policy from a different insurer to insure their Property against hail storm and/or windstorm losses.

19.   As detailed in the paragraphs above and below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.   Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

20.   To date, State Farm continues to delay in the payment for the damages to the property.   As such, Plaintiffs have not been paid in full for the damages to their home.

21.   Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.   Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

22.   Defendants State Farm and Santos misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a

covered occurrence.  Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

23.    Defendants State Farm and Santos failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

24.    Defendants State Farm and Santos failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants State Farm and Santos failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants State Farm and Santos did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants State Farm's and Santos' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

25.    Defendants State Farm and Santos failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Santos.  Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

26.    Defendants State Farm and Santos refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Santos failed to conduct a reasonable investigation.  Specifically, Defendants State Farm and Santos performed an outcome-

oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Santos' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27. When Plaintiffs first purchased and obtained the insurance policy insuring the Property from State Farm, State Farm misrepresented to Plaintiffs that under the Policy, Plaintiffs would be entitled to payment from State Farm for damages caused by a covered loss, including hail storm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs submitted against the Policy. If Plaintiffs had known that State Farm was not going to pay for hail storm and/or windstorm damages that were to be covered under the Policy and/or that State Farm would conduct an outcome-oriented and/or unreasonable investigation of Plaintiffs' claim and damages, Plaintiffs would not have purchased the Policy from State Farm and, instead, would have purchased a different insurance policy insuring the Property from a different insurer. Defendant State Farm made material misrepresentations as to coverage under the Policy upon Plaintiffs' purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make State Farm's other representations not misleading, upon which Plaintiffs reasonably relied to their detriment. State Farm's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. TEX. INS. CODE §§ 541.061(1), (2), (3) and (5).

28. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim,

within the statutorily mandated time of receiving notice of Plaintiffs' claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29.     Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

30.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

31.     From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.     Defendants State Farm and Santos knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33.   As a result of Defendants State Farm's and Santos' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

34.   Plaintiffs' experience is not an isolated case.  The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.  State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

35.   Plaintiffs' experience is not an isolated case.  Defendant State Farm has a pattern and practice of handling hail storm and/or windstorm claims filed by South Texas insureds differently than hail storm and/or windstorm claims filed by its insureds in North Texas.

36.   As a matter of apparent policy and practice, Defendant State Farm failed to pay for roof replacements on the claims in South Texas, like Plaintiffs' claim, at an alarming rate considering the magnitude of the hail storms in South Texas.  For example, as to those State Farm insureds who made claims for damages arising out of storms in Hidalgo County and are represented by Mostyn Law, State Farm generated estimates allowing for full roof replacements in less than forty-percent (40%) of these claims.  For Webb County, the percentage of estimated roof replacements is less than twenty-percent (20%).  The disparate treatment of insureds in South Texas, who submitted hail claims to State Farm is even more significant when compared to State Farm's handling of hail storm and/or windstorm claims in Potter and Randall county as well as counties in the Dallas/Ft. Worth Metroplex.  While State Farm wrongfully denied and underpaid other storm damages sustained by State Farm insureds in North Texas represented by Mostyn Law, State Farm generated estimates

allowing for full roof replacements at a staggering rate. In Potter County, the roof replacement rate was over ninety-percent (90%). In Counties in the Dallas/Ft. Worth Metroplex, the percentage of estimated roof replacements was over eighty-percent (80%). These divergent results cannot be explained by the nature of the respective storms. Although the Panhandle Storm caused widespread and significant damage across several counties, the storms in South Texas had larger hail and stronger winds in several cases.

37.     Plaintiffs believe that there are only two possible explanations for the discrepancy in how State Farm handled the claims arising out of North and South Texas storms. Either, State Farm instructed the individual adjusters assigned to handle storm claims in South Texas not to pay for otherwise properly covered damages, or State Farm failed to properly train, supervised, instruct, and oversee the individual adjusters assigned to claims in South Texas. Unfortunately, for the victims of the South Texas Storms, including Plaintiffs, either of these explanations renders the same result—the wrongful mishandling and underpayment of South Texas insureds' hail and/or wind claims by Defendant State Farm. Defendant State Farm's process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders and, particularly, Rio Grande Valley and Webb County policyholders like Plaintiffs.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT SANTOS
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

38.     Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 37 as though fully set forth herein.

39.  Defendant State Farm assigned Defendant Santos to adjust the claim. As further described above, Defendant Santos was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.  The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages.  In addition, the damages that the adjuster did include in the estimate were severely underestimated and undervalued. The underpayment of the claim may be attributed to Defendant State Farm's inadequate policies and procedures, and its failure to properly train, supervise, and oversee the work of its assigned adjusters, including Santos.

40.  Defendant Santos' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

41.  Defendant Santos is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

42.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Santos' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendant Santos' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

43.    Defendant Santos' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

44.    Defendant Santos failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.  Specifically, Defendant Santos failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement

practice of Defendant Santos as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

45.   Defendant Santos' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

46.   Defendant Santos did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm.  Defendant Santos' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

47.   Plaintiffs are not making any claims for relief under federal law.

### FRAUD

48.   Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 47 as though fully set forth herein.

49.   Defendants State Farm and Santos are liable to Plaintiffs for common law fraud.

50.   Defendants State Farm and Santos are liable to Plaintiffs for common law fraud.

51.   The intentional undervaluing of covered storm damage by Santos and State Farm is prevalent in State Farm's claim handling practices.  State Farm and Santos had an "eye to deny" Plaintiffs' claims.  This is evident in the superficial estimates and denials of the parts of the claim by the adjuster and State Farm even when no proper investigation or inspection of the damages had been made.  For example, Santos' assessments failed to include sufficient funds to cover the extensive and obvious damage to the Plaintiffs' property.  In December of 2014, Plaintiffs complained about the amount of the adjusters' estimates, specifically, the amount being provided for the damage to the exterior.  Moreover, Santos severely underestimated and undervalued the cost of repairs.  Specifically, he failed to allow sufficient funds to cover the cost of repairs, including, but not limited to, funds for the exterior damages, and failed to allow sufficient funds for the roof, even though the substantial damages to the roof warranted much more replacement than allotted.

52.   Defendant Santos authored a letter to Plaintiffs with his estimates dated December 15, 2015.  The payment letter states, "Please refer to the estimate for specifics of your claim."  However, Defendant Santos knew that the reports he was referring to as the basis for the payment made to Plaintiffs were completely inadequate to give Plaintiffs a reasonable explanation as to why Defendants failed to include and/or undervalued so many of Plaintiffs' covered damages.  Ultimately, none of the estimates by State Farm's adjuster allowed sufficient funds to cover Plaintiffs' cost of repairs.  Defendants misrepresented to Plaintiffs that the estimates included all the covered damages and was adequate to cover all the repairs; however, the estimates of Plaintiffs' losses did not include many of the covered damages that were caused by the storm.

53.   Furthermore, attached to the estimates authored by Defendant Santos, is a Structural Damage Claim Policy from State Farm, which states, "We want you to receive quality repair work to restore the damage to your property." These statements are also untrue and constitute misrepresentations.

54.   Due to their special knowledge of the insurance industry, and in particular, the practices of State Farm, Defendants were well aware that Plaintiffs would be unable to sufficiently repair their covered hail storm and/or windstorm damages based on an estimate that was created using State Farm's prices. Special knowledge means knowledge of information superior to that possessed by Plaintiffs and to which Plaintiffs did not have equal access. Special knowledge is knowledge of specific facts that underlie a false opinion and that can support an affirmative misrepresentation. Furthermore, Defendants knew that the reports they were referring to as the basis for the payment made to Plaintiffs were completely inadequate to give Plaintiffs a reasonable explanation as to why they failed to include and/or undervalued so many of Plaintiffs' covered damages.

55.   Defendants State Farm and Santos knew at the time the above misrepresentations contained in the estimates were made to Plaintiffs that they were false because Defendants failed to include all of Plaintiffs' storm damages in the reports. Santos, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant State Farm, failed to perform a thorough inspection and evaluation of Plaintiffs' storm damages, failed to cover claims that were clearly covered and, thus, undervalued and under paid Plaintiffs' claim; thereby denying properly covered damages. As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing all the damages for lack of funds, and/or making temporary repairs using their

own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

56.   Moreover, State Farm initially represented in its Policy that covered damages would be insured against loss.  To their detriment, Plaintiffs purchased State Farm's policy in exchange for a benefit State Farm knew they would not fully receive.  In part, State Farm knowingly defrauds its insureds by withholding benefits it knows or reasonably should know it owes the insureds pursuant to the insurance policies and contracts it issues, sells and markets by strictly admonishing any adjuster or employee who attempts to fully and adequately compensate policyholders in proper compliance with the terms of the applicable policy.

57.   Defendants' written and verbal misrepresentations, as well as their misrepresentations by means of deceptive conduct, concerned material facts.  Each and every one of these representations, as detailed in the paragraphs above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did.

58.   Defendants State Farm and Santos knew such representations to be false, or made the representations recklessly without any knowledge of their truth as a positive assertion.  The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.  As a result of Defendants' fraudulent conduct as described above and further herein, Plaintiffs suffered damages.

### CONSPIRACY TO COMMIT FRAUD

59.   Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 58 as though fully set forth herein.

60.   Defendants State Farm and Santos are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Santos were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Santos committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

61.   Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

62.   Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 61 as though fully set forth herein.

63.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

64.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

65.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§ 541.060(a), 541.061.  All violations under this article are made actionable by TEX. INS. CODE §541.151.

66.    Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

67.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

68.    Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

69.    Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

70.    Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

71.    Defendant State Farm's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner would mislead a reasonably prudent person to a false conclusion of a material fact, and which did mislead Plaintiffs to a false conclusion of material fact regarding coverage under their Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.061.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

72.    Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 71 as though fully set forth herein.

73.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

74.    Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

75.    Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

76.  Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

77.  Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 76 as though fully set forth herein.

78.  As referenced and described above, and further conduct throughout this litigation and lawsuit, Santos is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

79.  Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Santos including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

80.  Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 80 as though fully set forth herein.

81.  Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

82.  At the time of the assessment by Santos, which State Farm relied entirely for its investigation, evaluation and settling of Plaintiffs' claim, Santos repeatedly tried to wrongfully minimize Plaintiffs' losses.  For example, he created estimates that provided an insufficient amount for the damage to the exterior and also failed to provide an adequate

amount for interior damages in their estimates.  State Farm knowingly relied on these inadequate estimates and used them as a basis for undervaluing and underpaying Plaintiffs' claims.  Although State Farm was aware of Plaintiffs' reported potential damages, State Farm let an investigation occur, and be the sole basis for payment of Plaintiffs' claim that did not include a full or thorough investigation of the reported damages.  Additionally, State Farm approved a payment, which did not include full payment of damages and lacked the application of overhead and profit.  These are all examples of State Farm's bad faith. By not accounting for all the covered damages, State Farm did not inspect and evaluate Plaintiffs' home as if it was its own home.  State Farm's investigation and evaluation was not reasonable; thus, State Farm lacked a reasonable basis for denying or only partially including payment for Plaintiffs' covered damages.  State Farm's overall conduct in handling this claim was unreasonable.

83. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## **KNOWLEDGE**

84. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## **DAMAGES**

85. Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 8 through 84 as though fully set forth herein.

86.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

87.     As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Farm's and Santos' mishandling of Plaintiffs' claim in violation of the laws set forth above.

88.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

89.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

90.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

91.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

92.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

93.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

94.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 */s/ Andrew Taylor*
State Bar No. 24070723
aptaylor@mostynlaw.com
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 3rd day of June, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on Defendants by and through each of its attorney(s) of record who are registered users of the ECF, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

 */s/ Andrew Taylor*
Andrew Taylor